T.C. Summary Opinion 2009-105


UNITED STATES TAX COURT


DOMELL T. MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23637-05S.                    Filed July 9, 2009.


   <u>Michael B. Van Landingham</u> and <u>Kirby Mitchell</u> (specially

recognized), for petitioner.

   <u>Michael T. Sargent</u> and <u>J. Craig Young</u>, for respondent.


   GUSTAFSON, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect when the petition was filed.  Pursuant to section 7463(b),

_____

   [1]Unless otherwise indicated, all citations of sections refer
to the Internal Revenue Code of 1986 (26 U.S.C.) in effect for
the tax year at issue, and all citations of Rules refer to the
Tax Court Rules of Practice and Procedure.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) determined a $2,650 deficiency in petitioner Domell T. Moore's 2004 Federal income tax. The issues for decision are: (i) whether Mr. Moore is entitled to file as a head of household under section 2(b); and (ii) whether Mr. Moore is entitled to an earned income tax credit under section 32(a)(1). The record shows that Mr. Moore is not entitled to these tax benefits.

## Background

This case was submitted fully stipulated pursuant to Rule 122, reflecting the parties' agreement that the relevant facts could be presented without a trial. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time that he filed his petition, Mr. Moore resided in South Carolina.

## Mr. Moore's Spouse and Living Arrangements

During 2004 Mr. Moore was married to Lakisha Moore. Mr. Moore was also married to Lakisha Moore during the previous year; but according to his amended petition, he and his spouse lived apart "for 6 to 7 months" in 2003 and "did not get back together until April of 2004".

During 2004 Mr. Moore and his spouse lived together at the same address from April of 2004 through the end of that tax year. In his amended petition, Mr. Moore alleges that he also lived with his stepchildren in 2004. The stipulated record does not make clear whether Mr. Moore's stepchildren actually lived with him for any period during 2004, but respondent's arguments seem to assume that they did, and we will so assume.

2004 Form 1040

Mr. Moore timely filed his 2004 Form 1040, U.S. Individual Income Tax Return, as a head of household.[2] On that Form 1040, he claimed (i) two qualifying children for purposes of the earned income tax credit, and (ii) an earned income tax credit of $2,650. In his amended petition, Mr. Moore refers to his claimed qualifying children as his "stepchildren".

---

[2]Since Mr. Moore filed as a head of household, it necessarily follows that he failed to elect married filing jointly status. See Chiosie v. Commissioner, T.C. Memo. 2000-117. Furthermore, section 6013(b)(2)(B) bars an election to file an amended joint return under section 6013(b)(1) "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213". Since Mr. Moore has filed a petition with this Court in response to a notice of deficiency, he is barred from electing to file an amended joint return. Therefore, Mr. Moore and his spouse filed separately and not jointly, and he may not make a remedial election to change that fact.

Notice of Deficiency

On September 23, 2005, the IRS mailed Mr. Moore a statutory notice of deficiency for tax year 2004 that determined Mr. Moore's proper filing status was married filing separately, disallowed the earned income tax credit, and determined a deficiency of $2,650.  In response to the notice of deficiency, Mr. Moore petitioned this Court, pursuant to section 6213(a), to redetermine this deficiency.

## Discussion

### I.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed.[3]  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v.

---

[3]Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's tax liability.  Mr. Moore has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with respect to any factual issue.  Mr. Moore therefore bears the burden of proof.  See Rule 142(a)(1).

Helvering, 292 U.S. 435, 440 (1934).  Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status, such as head of household.  Smith v. Commissioner, T.C. Memo. 2008-229.

II.  Head of Household Filing Status

Section 1 of the Code provides the various rates at which income tax is imposed, with (inter alia) different rates for married individuals filing separately, see sec. 1(d), and heads of households, see sec. 1(b).  Mr. Moore filed his 2004 Form 1040 as a head of household.  Section 2(b) defines head of household. As pertinent here, section 2(b)(1) provides that an individual shall be considered a head of a household if the individual is "not married" at the close of his tax year.  Section 2(c) provides that an individual shall be treated as "not married" at the close of the tax year if the individual is so treated under section 7703(b).

Section 7703(b) provides that an individual who is married shall not be considered as married if four requirements are satisfied:  (i) the individual files a separate tax return; (ii) the individual maintains a household that is for more than one-half of the taxable year the principal place of abode of a child for whom the taxpayer would be entitled to claim a dependency exemption; (iii) the individual pays more than half the cost of maintaining the household for the tax year; and

(iv) the individual's spouse is not a member of the household during the last 6 months of the tax year.

Here, the pivotal issue is whether Mr. Moore and his spouse were living apart in separate households. For purposes of sections 2 and 7703, we have repeatedly held that "living apart required geographical separation and living in separate residences." See McAdams v. Commissioner, 118 T.C. 373, 378 (2002). The record establishes that Mr. Moore and his spouse resided at the same address from "April of 2004" through the end of that tax year; i.e., they resided in the same geographical area and at the same residence for more than the last 6 months of the tax year. We therefore hold that Mr. Moore did not live apart from his spouse in 2004. Accordingly, Mr. Moore is not considered unmarried under section 7703(b), and his filing status is necessarily married filing separately, not head of household. Respondent's determination on this issue is sustained.

III. Earned Income Tax Credit

Section 32(a)(1) provides for an earned income tax credit.[4] However, one of the requirements for the credit is that the taxpayer, if married, must file a joint return with his or her spouse. See sec. 32(d). Because Mr. Moore is not considered

---

[4]The amount of the credit is determined according to percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children. Sec. 32(b). The credit is also subject to a limitation based on adjusted gross income. Sec. 32(a)(2).

unmarried pursuant to section 7703(b), see <u>supra</u> part II, and because he and his spouse filed separately and not jointly, he is not entitled to claim an earned income tax credit for 2004.  See <u>Chiosie v. Commissioner</u>, T.C. Memo. 2000-117.  Respondent's determination on this issue is sustained.

 To reflect the foregoing,

<u>Decision will be entered for respondent</u>.
